## HENRY H. HONORE

### v.

## THE LAMAR FIRE INSURANCE COMPANY.

1. INSURANCE—*who may insure.* Any person having an interest in property may, through an insurance, indemnify himself against loss by fire. Mortgagor and mortgagee have each an insurable interest. The interest of both may be covered in one policy, or each may take out a separate policy.

2. INSURANCE—*by a mortgagee—subrogation.* The maker of a note deposited with the payee, as collateral security, certain personal property, upon which the mortgagee effected an insurance, in his own name, at his own cost, without privity with the mortgagor and without his knowledge. A loss occurring, the insurer paid the policy to the mortgagee and received an assignment of the note: *Held*, that payment of the mortgagee's policy did not operate to extinguish the debt of the mortgagor, but the insurer was entitled to be subrogated to the claim of the mortgagee, and could recover upon the note.

3. If the insurance had been effected, however, at the request or by the authority of the mortgagor, or at his expense, or under circumstances that would make him chargeable with the premium, it seems he would have been entitled to its benefits, by applying the money paid in extinguishment of so much of his debt.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The question presented in this case arises on this state of facts: Honoré, the appellant, having executed his note to Rutter, Endicott & Whitehouse, for $2,146.50, deposited with them, as collateral security, seventy-four barrels of whisky. They effected an insurance on the whisky, at their own expense, in their own name, and without the authority or knowledge of Honore. The whisky was subsequently destroyed by fire, and the insurance company paid the policy to Rutter, Endicott & Whitehouse, first requiring an assignment of the note, to secure which the whisky was deposited.

Messrs. ROGERS & GARNETT, for the appellant, contended that the insurance company had no right to have the note assigned to them, upon payment of the loss, and that the payment of the loss to Rutter, Endicott & Whitehouse was an extinguishment of the debt, citing *Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 N. Y. Rep. 428; *Concord Mutual Ins. Co.* v. *Woodbury*, 45 Maine, 452; *Goodall* v. *Baldero*, 9 East, 72. Counsel state that Mr. Phillips, in the latest edition of his work on insurance, had abandoned the position taken by him in the second edition, where he put the rights of the

underwriter, who had paid the loss, on the ground of subrogation, as follows:

"Where a policy against fire is effected by a mortgagee for his own benefit, in case of loss, and payment by the underwriters, they thereby become entitled to a proportional interest in the debt secured by the mortgage." In support of this position the author cited several authorities which do not in fact support it, as shown by Chief Justice Shaw, in *King* v. *The State Mutual Fire Ins. Co.*, 7 Cushing, 10.

Counsel presented another view of the subject, which they claimed was alike decisive, and that was, by the terms of the note and its provisions for sale of the whisky, the whole interest in the property became absolutely vested in the pledgee. It was not provided that a sale of the whisky was to be made on default of payment after demand, but the power was "to sell the same at public or private sale, without notice, *at any time after the date of the note*, and to retain sufficient of the avails to pay the debt with interest and costs."

"There is a manifest difference between a mortgage of real and one of personal property." "A mortgage of personal property transfers the whole interest, and, in fact, the mortgagee becomes the owner." Angell on Insurance, sec. 63, p. 114.

If such is the effect of an ordinary mortgage, how much more was it so in this case, where the property was actually delivered to the pledgees, with absolute and uncontrollable power of sale from the moment of its delivery to them.

Mr. LAWRENCE PROUDFOOT, with whom was Mr. ROBERT HERVEY, for the appellees.

In the cases of *Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 New York R. 428, and *Concord Mutual Fire Ins. Co.* v. *Woodbury*, 45 Maine, 452, cited by appellant's counsel, the right of subrogation in a case like 'this is fully sustained;

and it is further held in those cases that a payment of the loss by the insurance company does *not* go to extinguish the debt of the mortgagor.

The authority mainly relied upon by counsel for appellant, is that of *King* v. *State Mutual Fire Ins. Co.*, 7 Cushing, pp. 10 and 12, in which case the court also holds that payment by the underwriter to the mortgagee does not in any way go to the payment or extinguishment of the debt of the mortgagor, but that the underwriter is *not* entitled to subrogation of the mortgage debt; it further holds that the mortgagee, after payment of his loss by the underwriter, can then proceed against the mortgagor and collect the full amount of the debt for his (the mortgagee's) benefit; this decision is commented upon and held to be bad in a number of other cases, among which is that of *Sussex Ins. Co.* v. *Woodruff*, 2 Dutcher, N. J. Reports, pp. 557-562, also the case quoted in the 17th New York Reports.

We do not understand that Mr. Phillips in his 5th Edition, section 1712, abandons the position taken by him in his earlier copies of his work on insurance, as to the right of insurance companies to subrogation, etc. He merely quotes the decision in the case in the 7th Cushing *as a text*, and in the marginal note cites all of the authorities for and against such decision, the majority of which are against it.

In section 1511, p. 239, 5th Edition, he fully recognizes the right of subrogation. See, also, section 1728, p. 403; *Carpenter* v. *Providence Washington Ins. Co.*, 16 Peters, 501; *Sussex Ins. Co.* v. *Woodruff*, 2 Dutcher, (N. J.) 555; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wendell, 397; *Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 New York, 434; *Concord U. M. Ins. Co.* v. *Woodbury*, 45 Maine, 452; *Ins. Co.* v. *Updegraff*, 21 Penn. 518; Angell on Fire Insurance, sections 59-66, and note.

The decision in the case of *Goodall* v. *Baldero*, 9 East, 72, cited by counsel for appellant, has since been overruled in the case of *Dalby* v. *India and London Life Assurance*

*Co.*, 28 English Common Law and Equity, page 313 ; however, we do not consider these cases in point. But the principles are the same in life assurance and " the underwriter on the life of a debtor, having paid the loss to the assured, would be entitled to an action against the assured for any amount he may receive from the executors or administrators of the insured life, on the debt, to secure which the policy was made." 2 Phillips' 5th Edition, section 2010, p. 599.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The appellant executed his note to Rutter, Endicott & Whitehouse, for $2,146.50, and deposited with them, as collateral security, 74 barrels of whisky. They effected an insurance on the whisky in the Lamar Fire Insurance Company, appellees herein, at their own expense, and in their own name, and without the authority, or even knowledge, of appellant. The whisky was subsequently destroyed by fire, and the company paid the policy to Rutter, Endicott & Whitehouse, first requiring an assignment of appellant's note. The note was accompanied by a power of attorney to confess a judgment, and the company having caused a judgment to be confessed, the appellant filed a bill to enjoin its collection. On the hearing the circuit court dismissed the bill.

If the insurance had been effected at the request or by the authority of appellant, or at his expense, or under circumstances that would make him chargeable with the premium, we should have no difficulty in holding him entitled to its benefits, by applying the money paid in extinguishment of so much of his debt. But none of these circumstances are presented by this record. The appellant prosecutes his appeal merely upon the ground that, in all cases where a mortgagee insures the mortgaged property, the mortgagor is entitled to the benefits of the policy.

This position is maintainable neither upon principle nor authority. The contract of insurance, it has been often

remarked, is one of indemnity merely. Any person having an interest in property may, through an insurance, indemnify himself against loss by fire. Mortgagor and mortgagee have each an insurable interest. The interest of both may be covered in one policy, or each may take out a separate policy. In this case the mortgagees insured at their own cost, without privity with the mortgagor and without his knowledge, and when the company paid the debt due them from the mortgagor, it indemnified them against loss and was entitled to be subrogated to their claim. The mortgagor, having had no connection with the insurance, can not claim its benefit. As the premium was not paid by·him or chargeable to him, as he was not aware even that an insurance had been effected until after the fire, it is difficult to see how such insurance, even when paid, can affect his liability upon his note. Even the case of *King* v. *The State Mutual Fire Insurance Co.* 7 Cush. 10, on which the appellant chiefly relies, holds that in such cases the liability of the mortgagor upon his note remains the same, but that the mortgagee may recover it for his own use, although already paid by the insurance company. Certainly it is much more consonant to every principle of equity to say that the debt may be recovered for the benefit of the insurance company, than that the mortgagee should be twice paid. The doctrine of that case would sanction wager policies, and furnish a dangerous temptation to incendiarism.

That the insurance company is entitled to be subrogated to the claims of the mortgagee, in such a case as the present, is held in *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 501, *Sussex Ins. Co.* v. *Woodruff*, 2 Dutcher, 555, and *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend. 397. In *Concord A. M. Ins. Co.* v. *Woodbury*, 45 Maine 452, where the assured had voluntarily assigned his claim to the insurance company upon payment by it, as in the present case, the court held the company entitled to recover. The question of the right to subrogation against the will of the mortgagee, was not presented in that case, nor is it in this, because the assignment

was made by the mortgagee upon payment of the loss. The only question strictly presented here is, whether the mortgagor has been discharged from his debt by the payment of the mortgagee's policy, and on this point there is no disagreement among the authorities. The debt is still in existence, and the strong equity of the insurance company has been united to the legal title.

The circuit court committed no error in dismissing the bill.

*Decree affirmed.*