J. P. GIRAUD FOSTER et al., Appellants, *v.* JACOB H. VAN REED et al., Respondents.

Where by the terms of a mortgage the mortgagee, in case of failure on the part of the mortgagor to keep the buildings upon the mortgaged premises insured, is authorized to make such insurance, and it is declared that the premiums paid shall be deemed secured by the mortgage, the provision does not prohibit or prevent an insurance by the mortgagee directly of his interest ; and he may make such terms with the insurer as they may agree upon.

Where, therefore, the holder of such a mortgage takes out a policy of insurance upon his interest as mortgagee, with a provision in the policy that, in case of loss, the assured shall assign to the insurer an interest in the mortgage equal to the amount of loss paid, the insurer is entitled to the subrogation provided for ; the contract of insurance is paramount to and independent of the contract between the mortgagor and mortgagee, and the rights of the insurer cannot be affected thereby.

The consent of the mortgagor is not essential to the validity of such a provision for subrogation.

Accordingly, *held*, where such a policy had been issued by defendant, and where a loss having occurred it paid to the holder of the mortgage the amount thereof, together with the premiums paid, and took an assignment of the mortgage, that in an action to foreclose the mortgage the mortgagor or his grantee could not claim an application of the amount of the insurance as payment upon the mortgage.

Also, *held*, that knowledge on the part of defendants at the time of issuing the policy of the terms of the mortgage did not affect its contract.

Also, *held*, that the fact that the policy did not provide expressly for the assignment of the bond secured by the mortgage, but only specified the latter, did not establish that the assignment of the former also could not

have been compelled by the insurance company, and so that the payment to the mortgagee was in liquidation of the bond; the evident intent was to include both bond and mortgage in the transfer.

The fact that by the declarations of the mortgagee in such case the mortgagor was prevented from insuring on his own behalf, cannot affect the rights of the insurer; if the mortgagee was in a position where he could not lawfully enter into the contract which he made with the insurer, the latter was not bound, and being under no obligation to pay a loss, by the assignment it became the owner of the entire interest in the mortgage.

(*Foster* v. *Van Reed*, 5 Hun, 321, reversed.)

(Argued April 25, 1877; decided May 29, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 5 Hun, 321.)

This action was brought to foreclose a mortgage given by Jacob H. Van Reed to Philo Plank, which was assigned by Mrs. Anna Plank, executrix of Philo Plank, to the plaintiffs, who are the trustees of the London Assurance Corporation.

The mortgage contained the usual covenant for insurance on the part of the mortgagor, and an agreement that, in default thereof, the mortgagor or his representatives might make such insurance; that the mortgagor would pay the premiums on demand, and that the same should be deemed secured by the mortgage. The mortgage was for $6,500, payable May 1st, 1875, with semi-annual interest; it contained a covenant, that, in case of default in the payment of interest for twenty days, the whole principal should become due at the option of the mortgagee or his representatives. In April, 1874, Mrs. Plank, then the owner of the mortgage, took out a policy of insurance in the London Assurance Company against loss by fire to the amount of $4,000 " on her interest as mortgagee " in the buildings on the mortgaged premises. The policy contained this clause " in case of loss, the assured shall assign to this company an

interest in said mortgage equal to the amount of loss paid."

Mrs. Plank charged the premium under the mortgage. Subsequently, in May, 1874, the property was injured by fire to an extent exceeding the amount insured, and a claim for the loss was made upon the company, Afterward, in June, 1874, the company, with knowledge of the fire, paid to Mrs. Plank, the holder of the mortgage, $7,044, being the amount of principal and interest, and including $20 paid by her for insurance, and took from her an assignment of the mortgage. It appeared that Mrs. Plank, after taking out this insurance, and before the fire, had called upon one Adams, then the owner of the land, subject to the mortgage, and had demanded the payment to her of the money paid by her for insurance, and had threatened a foreclosure in default thereof, and evidence was given that, upon a promise by Adams to pay in a few days, she said it would be all right.

The court found that the insurance was effected by Mrs. Plank under the insurance clause in the mortgage, and as a conclusion of law, that the insurance inured to the benefit of the mortgagor and his assigns.

*Wm. M. Evarts*, for the appellants. The policy insuring the interest of the mortgagee was an absolute and independent contract enuring to her sole benefit, and she was free from liability to account in respect of it to the mortgagor or his assigns. (Flanders on F. Ins. [2d ed.], 396, 400; Angel on F. and L. Ins., § 59; 2 Am. L. Cas. [5th ed.], 825-830; *Williams* v. *R. W. Ins. Co.*, 107 Mass., 377; *Smith* v. *Col. Ins. Co.*, 5 Harris, 253; *Carpenter* v. *Prov. Wash. Ins. Co.*, 16 Pet., 501.) Where a mortgagee insures his interest the insurer is entitled to be subrogated to his rights and interests. (*Ætna F. Ins. Co.* v. *Tyler*, 16 Wend., 385; *Sus. Co. Mut. Ins. Co.* v. *Woodruff*, 2 Dutch [N. J.], 541-551; *Norwich F. Ins. Co.* v. *Boomer*, 52 Ill., 442; *Excel. F. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y., 359; *Cone* v. *Nia. F. Ins. Co.*, 60 id., 624.) No arrangement, agreement or statement by the

assured with defendants after the policy was issued can prevail as against plaintiffs, their rights being fixed by the policy which provides that only the interest of the mortgagee was insured. (*Kernochan* v. *N. Y. B. F. Ins. Co.*, 17 N. Y., 428; *Clinton* v. *Hope Ins. Co.*, 45 id., 461; *Ætna F. Ins. Co.* v. *Tyler*, 16 Wend., 385.) Every insurance of his interest by a mortgagee will not be construed to be for the mortgagor's benefit. (*Dobson* v. *Land*, 8 Hare, 216; Angel on F. and L. Ins., § 606.)

*Wm. Henry Arnoux*, for the respondents. The contract of insurance being an insurance of the property, the payment by plaintiffs to the mortgagee of the sum insured extinguished the mortgage *pro tanto*. (*Waring* v. *Loder*, 53 N. Y., 585; *Kernochan* v. *N. Y. B. Ins. Co.*, 17 id., 428; *Clinton* v. *Hope Ins. Co.*, 45 id., 467; *Springfield Ins. Co.* v. *Allen*, 43 id., 393; *Wood* v. *N. Y. Ins. Co.*, 46 id., 421; *Ins. Co.* v. *Updegraff*, 21 Pa. St., 513; *Suf. F. Ins. Co.* v. *Boyden*, 9 Al., 123; *Brantford* v. *Green Ins. Co.*, 8 Abb., 264; *Lawrence* v. *St. M. F. Ins. Co.*, 43 Barb., 479; *Shotwell* v. *Jeff. Ins. Co.*, 5 Bosw., 262; *Benjamin* v. *Sar. Co. Mut. F. Ins. Co.*, 17 N. Y., 415; *Cromwell* v. *Bklyn. F. Ins. Co.*, 44 id., 47; Flanders on Ins., 367-369; *Holbrook* v. *Am. Ins. Co.*, 1 Curtis, 193.) If the policy contained an express provision for subrogation in case of loss, such agreement would be void without the consent of the mortgagor. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 460; *Burrows* v. *Turner*, 24 Wend., 277; *Davis* v. *Boardman*, 12 Mass., 30; *Newson* v. *Douglass*, 7 H. & J., 417; *Williams* v. *R. W. Ins. Co.*, 107 Mass., 377; *Waring* v. *Loder*, 53 N. Y., 581.) As the contracts did not provide that the bond should be assigned, the payment to the mortgagee must be held to be in liquidation thereof. (*Cooper* v. *Newland*, 17 Abb. Pr., 342; *Merritt* v. *Bartholick*, 36 N. Y., 44; *Martin* v. *Mowlin*, 2 Burr., 969; *Green* v. *Hart*, 1 J. R., 580; *Jackson* v. *Bronson*, 19 id., 325; 4 id., 41; 5 J. Ch., 570; 9 Wend., 80; *Wilson* v. *Troup*, 2 Cow., 231; *Cooper* v. *King*, 17 Abb., 342.) The

mortgagor was surety for the mortgage debt, and is liable to be sued therefor. (*Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id., 595; *Blyer* v. *Morholland*, 2 Sand. Ch., 478; *Ferris* v. *Crawford*, 2 Den., 595; *Cornell* v. *Prescott*, 2 Barb., 16; *Hartley* v. *Harrison*, 24 N. Y., 172; *Bently* v. *Vanderheyden*, 35 id., 677, 680; *Remsen* v. *Beekman*, 25 id., 562; *Thorp* v. *Keokuk·Coal Co.*, 47 Barb., 439; *Flagg* v. *Thurber*, 14 id., 196; 3 Seld., 121; 3 J. Ch., 255; 2 Den., 595; 20 N. Y., 268; *Tripp* v. *Vincent*, 3 Barb., 613; *Burr* v. *Burs*, 24 N. Y., 178; *Rawson* v. *Copeland*, 2 Sand. Ch., 251; *Daniel* v. *Paige*, 7 Paige, 591; *Johnson* v. *Zink*, 51 N. Y., 333.) The mortgagor has an insurable interest in the property after he has conveyed the equity of redemption. (*Waring* v. *Loder*, 53 N. Y., 581; *Herkimer* v *Rice*, 27 id., 173; 45 id., 460; *Savage* v. *How. Ins. Co.*, 52 id., 305; 55 id., 358; Flanders on F. Ins., 342.) The doctrine of equitable estoppel would prevent the mortgagee denying that the insurance was effected for,the benefit of the mortgagor. (*M. & Tr. Bk.* v. *Hazard*, 30 N. Y., 226; *Brown* v. *Bowen*, id., 541; *Pickard* v. *Sears*, 6 Ad. & El., 475; *Dezell* v. *Odell*, 3 Hill, 215; *Welling Canal Co.* v. *Hathaway*, 8 Wend., 483; *Sparrow* v. *Kingman*, 1 N. Y., 242; *Lawrence* v. *Brown*, 5 id., ; *Rowley* v. *Empire Ins. Co.*, 3 Keyes, 560; *Plumb* v. *Catt. Ins. Co.*, 18 N. Y., 392; *Ames* v. *N. Y. U. Ins. Co.*, 14 id., 253; *Kellogg* v *Ames*, 41 id., 264; *Shapley* v. *Abbott*, 42 id., 448; *Hathaway* v. *Paine*, 34 id., 109; *Wilcox* v. *Howell*, 44 id., 403; *Dougrey* v. *Topping*, 4 Paige, 94; Story's Eq. Jur. [11th ed.], 869; *Strand* v. *Music Hall Co.*, 14 Wend., 6; *Hill* v. *So. S. R. Co.*, 11 Jur. [N. S.], 192; *Wilson* v. *W. H. & H. Co.*, id., 124; Stevens' Hospital, 15 Ir. Ch., 405; Herman on Estoppels [ed. 1871], 335, §§ 321, 329, 542, 555; *Wood* v. *Seely*, 32 N. Y., 116; *Hall* v. *Un. Ins. Co.*, 32 N. H., 295.)

MILLER, J. The policy of insurance issued to Mrs. Plank who held the mortgage sought to be foreclosed in this action, insured her against loss on "her interest as mort-

gagee," in the buildings on the mortgaged premises, and contained a clause that "in case of loss the assured shall assign to this company an interest in said mortgage equal to the amount of loss paid." The mortgage contained the usual clause for insurance by the mortgagor, and in case of default provided that the mortgagee might make such insurance and the premiums paid should be deemed secured by the mortgage. There can be no question that a mortgagee has an interest separate and independent of any other interest which may be the subject of insurance generally or specially, and in case of loss the insurer having paid to the mortgagee the amount of his debt may be subrogated to the rights of the mortgagee. This principle is upheld by numerous decisions, and in a recent case, *The Excelsior Fire Ins. Co.* v. *The Royal Ins. Co.* (55 N. Y., 359), it was said in the opinion : "It is settled that when a mortgagee, or one in like position toward property, is insured therein *at his own expense*, upon his motion, and for *his sole benefit*, and a loss happens to it, the insurer *in making compensation* is entitled to an assignment of the rights of the insured." (See also *Cone* v. *Chicago Fire Ins. Co.*, 60 N. Y., 624; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend., 385; Flanders on F. Ins. [2d ed.] p. 400.) Had Mrs. Plank insured at her own expense and for her own benefit solely, then under the clause in the policy which has been quoted, if there were no other difficulties in the way, there is unanswerable ground for the position that the plaintiffs under the clause in the policy cited were entitled to be subrogated in her place. A more serious question however arises if Mrs. Plank insured under the clause in the mortgage conferring authority for that purpose at the expense of the owner, and if the premium was advanced by her for her own as well as the owner's benefit. She had a right to insure in this form, and the judge found that Adams, who was a former owner and who had assumed to pay the mortgage, being in default in respect to insuring the premises and assigning the policy to Mrs. Plank, the latter thereupon effected an insurance under the insurance clause, and the pre-

mium paid was charged and became a part of the principal. sum of the mortgage, and as a conclusion of law that said insurance, effected by her as mortgagee under the provisions in the mortgage, inured to the benefit of the mortgagor and his assigns.   There was evidence upon the trial to show that Mrs. Plank had requested the owner to repay the insurance money; that she said she had insured and charged it under the mortgage, and wanted the insurance money paid back, and upon a promise by Adams to repay it in a few days she also said it would be all right.   Although she denies that she thus stated, she testifies that she instructed her attorney to collect the insurance with principal and interest, and that she did insure and charge the premium.   It also appears that the principal was paid to Mrs. Plank by the plaintiffs when they received an assignment of the mortgage.   This testimony we think sustains the findings of the judge to which reference has been had.   Assuming that the premium was paid by Mrs. Plank, as found by the court in accordance with the clause in the mortgage which authorized this to be done, the question is presented whether the insurer's right to an assignment of the mortgage under the contract of insurance is paramount and independent of the contract between the mortgagor and the mortgagee ?

The contract under the insurance clause in the mortgage authorized an insurance of the property by the mortgagee; but this provision did not prohibit or prevent an insurance directly of her interest as such mortgagee; and as she had authority to make such insurance it would seem to follow that she had a right to make such terms with the insurer as might be agreed upon.   It was optional and not compulsory and entirely competent for the mortgagee to procure a policy with or without a subrogation clause.   The parties had a right to determine that when the insurers paid any loss to the assured that the insurers should be entitled to an assignment of the mortgage, and such a provision is not in conflict with the insurance clause in the mortgage.   Even although Mrs. Plank made declarations after the contract was entered

into showing that the insurance was made under the clause in the mortgage these statements cannot prevail against the contract in the policy which provides that her interest as mortgagee was insured, and whatever arrangement preceded the policy could not affect or impair the rights of the company who acted without knowledge of such an arrangement when the policy was issued.

It is difficult to see how the insurer can be deprived of the right to subrogation, when it is made a part of the contract that it shall enjoy such right. And whether the company knew of the agreement in the mortgage at the time of issuing the policy, or assented to it or otherwise, makes no difference, for in either case the contract between Mrs. Plank and the company is unaffected by it. (*Kernochan* v. *N. Y. Bowery Ins. Co.*, 17 N. Y., 428.) The views expressed are met by various objections, and it is among other things claimed that the debt was extinguished by the payment by the plaintiff to the mortgagee of the amount of the insurance to that extent. The authorities cited to sustain this position are cases where there was no agreement as to subrogation, and do not establish such a proposition in cases in which there was a clause in the policy, authorizing an assignment in case of loss. (*Waring* v. *Loder*, 53 N. Y., 585; *Clinton* v. *Hope Ins. Co.*, 45 N. Y., 467; *Kernochan* v. *Bowery F. Ins. Co.*, (*supra*); *Benjamin* v. *Saratoga Mut. F. Ins. Co.*, 17 N. Y., 415; *Cromwell* v. *Brooklyn F. Ins. Co.*, 44 N. Y., 47; Flanders on Ins., 1871, 347–361.) Although some of the reported cases referred to sanction the introduction of extrinsic evidence to ascertain the meaning of the contract where it is ambiguous, uncertain and imperfect, there is a marked difference between them and the case at bar; for while in the *former* the agreement does not alter but only explains the contract between the insurer and the insured, in the case at bar the effect of any other agreement if proved would be to substitute a new and different contract from that made by the parties, which entirely changes their rights. The position that the provision for subrogation would be void without

the consent of the mortgagor, is not well taken. The principle that where an insurance is effected for the benefit of persons whose names do not appear on the face of the policy, such unexpressed persons may be ascertained, and when ascertained may be comprehended within the policy, has no application when the policy shows that the insurance is for the benefit of a particular person, and this is made clear by the policy.

It is also contended that as the policy provides for the assignment of the mortgage, and not expressly for the bond, that the mortgagee could not be compelled to transfer the bond under the contract, and, therefore, the payment to the mortgagee must be held to be in liquidation of the bond, and the assignment was a voluntary act of the mortgagee, and not by virtue of the clause in the policy. The answer to this position is, that the evident intention of the parties was to include both the bond and the mortgage; and a contract of insurance, like any other contract, must be so construed as to give effect to such intent. (*Springfield F. & M. Ins. Co.* v. *Allen*, 43 N. Y., 394.) The case considered has no analogy to one where there is a delivery of the mortgage without the bond.

The claim that as the mortgagor had an insurable interest, and as Mrs. Plank, by her declarations, prevented him from insuring on his own behalf, she, and her assigns, are estopped from denying that the moneys were to be, and had been, applied on the mortgage, is also unfounded. This position is inconsistent with the idea that a contract may be entered into between the mortgagee and the insurer, by which the insurer may be subrogated in the place of the mortgagee. Be this as it may, if the mortgagee had entered into a contract inconsistent with her right, to assign the mortgage debt as was provided, it would be a valid bar to any recovery upon the policy (May on Ins., 561), and, being such bar to a recovery, it is also a bar to any claim that the debt has been extinguished *pro tanto*; and as the company were under no obligation to pay any loss in this aspect of the·

case, the plaintiffs, by the assignment to them, became the owners of the entire interest in the mortgage for the full face and value of the same.

No other question requires consideration, and as the court was clearly wrong in its decision, the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except CHURCH, Ch. J., dissenting.

Judgment reversed.