FRANKLIN A. DICK, Appellant, v. FRANKLIN FIRE INSUR-
ANCE COMPANY, Respondent.

May 31, 1881.

1. A trustee in a deed of trust in the nature of a mortgage has an insurable
   interest in the mortgaged property distinct from that of the mortgageor.

2. A conveyance by the mortgageor in no way affects the trustee's right to in-
   sure his interest.

3. Where the trustee insures his interest in mortgaged property, and the policy
   stipulates that he shall, in case of a loss, assign to the insurer an interest
   in the deed of trust equal to the amount of loss paid, provided such
   assignment shall in no way prejudice the beneficiary's claim in the trust
   to recover the full amount of his loan and proper charges, the trustee
   cannot recover for a loss until he shall have performed his agreement to
   assign.

4. In such a case the subrogation clause is material, and there can be no
   recovery against the insurer for a loss until this condition precedent is
   fulfilled, even though the mortgaged property is not worth the amount
   of the debt secured, less the amount the insured is liable to pay.

5. The insurance in this case is held to be of the interest of the trustee and
   not of the mortgageor.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

GLOVER & SHEPLEY, for the appellant : When an insurance
is taken out by the mortgagee under an arrangement in the
mortgage that it shall be done at the expense of the mort-
gageor, in such case the mortgageor or his assigns as well
as the mortgagee is interested in and has the benefit of such
insurance.    The insured, in case of the payment by him of a
loss, has no interest in the property.   As between himself and
the mortgageor (or his assigns, a second encumbrancer)
agreeing to pay the premium for the insurance, it is the in-
surance of the mortgageor or the second encumbrancer alike
with the mortgagee. — *Kernochan* v. *Insurance Co.*, 17 N.
Y. 428 ; *Bradford* v. *Insurance Co.*, 8 Abb. Pr. 261 ; Fland.
on Ins. (2d ed.) 403, chap. 12, sect. 11 ; *Holbrook* v. *Insur-
ance Co.*, 1 Curt. 199, 200 ; *Norwich Ins. Co.* v. *Boomer*,
52 Ill. 442 ; *King* v. *Insurance Co.*, 7 Cush. 6 ; *Clinton*

v. *Insurance Co.*, 45 N. Y. 467. It is then clear in such cases that the insurer has no equitable claim to any subrogation by having paid a loss upon the property insured. The insurer must take notice of the agreement contained in the deed of trust between the mortgagee and the trustee, and is bound thereby. — *Foster* v. *Van Reed*, 5 Hun, 321 ; *Suffolk, etc., Ins. Co.* v. *Boyden*, 9 Allen, 123 ; *Mercantile, etc., Ins. Co.* v. *Caleb*, 20 N. Y. 173 ; Wood on Ins., sect. 471. The trustees could assign to the insurer in the case put, no greater rights or interest than they had under the agreement and stipulation contained in the deed of trust ; therefore, if the trustees had made an absolute subrogation to the insurer, the insurer would be as much bound by such an agreement as its assignor would be. — *Mercantile Ins. Co.* v. *Caleb*, 20 N. Y. 173 ; *Foster* v. *Van Reed*, 5 Hun, 321 ; *Waring* v. *Loder*, 53 N. Y. 585.

NOBLE & ORRICK, for the respondent : The right to assignment of an interest in the deed of trust accrued upon payment of the loss, or an offer to pay, without qualification, and a refusal absolutely to assign at any time ; and without such assignment, so demanded, the plaintiffs had no right of action. — *Foster* v. *Van Reed*, 70 N. Y. 19 (overruling and reversing same case, reported in 5 Hun, 321, and relaxing the several text-writers standing heretofore on this supposed precedent). The interest of a trustee or mortgagee in an estate is entirely separate, as an insurable interest, from that of the grantor or mortgageor. From many text-books and precedents we cite : *Carpenter* v. *Insurance Co.*, 16 Pet. 495 ; *Excelsior, etc., Co.* v. *Insurance Co.*, 55 N. Y. 343 ; *Honore* v. *Insurance Co.*, 51 Ill. 409. And in case of loss, the insurer, having paid the mortgagee the amount of his debt, may be subrogated to the rights of the mortgagee ; and where there is a stipulation for such subrogation as one of the conditions of the policy, there can be no doubt of its validity in every State. — *Sussex Ins. Co.* v. *Woodruff*, 26 N. J. L. 541 ; *Thornton* v. *Enterprise*

*Co.*, 71 Pa. St. 234 ; *Cone* v. *Insurance Co.*, 60 N. Y. 624 ; *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385 ; *Kernochan* v. *Insurance Co.*, 3 Smith, 428. A mortgageor selling his equity of redemption would avoid the policy by its very terms, if his interest were insured, and much less could he claim a policy to be for his benefit when it was made after he ceased to have any direct interest in the property. — *Carpenter* v. *Insurance Co.*, 16 Pet. 495 ; *Grovenor* v. *Insurance Co.*, 17 N. Y. 391. The insurer is entitled to subrogation at the time of payment ; and the offer of defendant to perform a present obligation entitled defendant to demand the performance by plaintiffs of their duty to assign ; and the absolute refusal still persisted in, in the reply filed, bars the action. — *Honore* v. *Insurance Co.*, 51 Ill. 414, 415 ; *Kame* v. *Hood*, 13 Pick. 281 ; May on Ins. 561 ; *Foster* v. *Van Reed*, 70 N. Y. 19.

Thompson, J., delivered the opinion of the court.

This is an action upon a policy of insurance against fire. The action was originally brought to reform the policy, but it has been changed to an action to recover upon the policy according to its terms. This renders it unnecessary to consider a mass of testimony found in the record, which is not relevant to the present issue. The policy was written by the defendant company, on April 24, 1874, and was kept alive by renewals until the loss sued for, which took place on October 2, 1877. The policy, by its terms, insured "F. A. Dick and Ben Farrar, trustees of Isaiah V. Williamson, against loss or damage by fire, to the amount of $3,500 * * * on their interest under deed of trust," in a certain building in St. Louis County.

The interest of Dick and Farrar in the insured premises was that of trustees under a deed of trust executed on May 1, 1871, by John J. Murdock and wife to them, to secure a loan of $30,000 made by Isaiah V. Williamson to Murdock for a period of five years, at interest at the rate of

eight per cent per annum, payable semi-annually ; the principal debt being evidenced by a note for $30,000 due five years after date, and the interest by ten notes for $1,200 each, maturing successively at every six months after the date of the loan.

Among other covenants of the grantors of the deed of trust was the following : "And also to keep the building on said premises insured for a sum not less than $16,000, until said notes be paid, in a company or companies satisfactory to the party of the third part [Williamson], the policy or policies of insurance to be assigned or made payable to the party of the second part, and the money collected thereon in case of fire, to be held until said building be rebuilt by said first parties, as collateral security for said note, and when rebuilt shall be applied in payment of such rebuilding.   If such insurance be not kept up, the party of the third part may pay the necessary premium therefor, and all sums so paid shall be held secured by the deed of trust, for the repayment of which and ten per cent per annum interest thereon said premises may be sold as below provided.   Any failure by said first parties to comply with any of the provisions of this deed of trust shall, at the option of the third party, make said principal notes immediately due."

The second paragraph in the policy of insurance was in the following words : " It is hereby agreed that in case of loss the assured shall assign to this company an interest in said deed of trust equal to the sum of loss paid under this policy, provided the said assignment shall in nowise prejudice the assured's claim under said deed of trust to recover the full amount of their loan and proper charges."

Before the policy was written, namely, the fifth day of May, 1873, Murdock and wife executed a second deed of trust, by which they conveyed the premises in question to Robert M. Renick, as trustee for David H. Armstrong, to secure the latter against a liability which he had incurred to

the extent of over $30,000, as indorser for Murdock. Moreover, the answer alleges, and the reply does not deny — and it must, therefore, be taken as true — that on December 20, 1873, Murdock sold and conveyed all his right, title, and interest in and to the premises, to John G. Priest, and that Murdock has had no interest in the premises, or in any part of them, since that time. There is evidence that all the premiums necessary to keep the policy in force were paid by Dick and Farrar, but were repaid to them by Armstrong, the second mortgagee.

When the deed of trust matured, namely, on May 1, 1876, Armstrong, to protect his own interest, entered into a written contract with Williamson, in which he assumed and agreed to pay the debt secured by the deed of trust, and by which Williamson extended the time of payment for two years longer, namely, until May 1, 1878, at the same rate of interest, for which Armstrong gave to Williamson four notes for $1,200 each, maturing successively every six months thereafter.

It is alleged in the answer, and not denied in the reply, and it is also proved by the testimony of a witness, that the defendant offered to pay the amount insured, if the plaintiffs would assign to them an interest in the deed of trust equal to the sum which was to be paid, which offer was declined by the plaintiffs; and that such an assignment was demanded by the defendant and refused by the plaintiffs. The grounds on which the plaintiffs refused this assignment, as stated in their reply, are substantially these: (1) That, although the clause providing for an assignment was a part of the contract, yet it was no part of the consideration of the contract; (2) that it was wholly immaterial to the rights of the parties, in that, under the facts of the case, it conferred no right or benefit on the defendant; (3) that the defendant was not entitled to the assignment because it had paid no part of the loss; and (4) that, as the property was not worth the loan, interest, and charges secured

by the deed of trust, and, in fact, when sold under the deed of trust brought only $23,000, the assignment could not have been made without prejudice to the plaintiffs' claim under the deed of trust. And the reply avers that the plaintiffs refused to make the assignment when demanded, because it would have been prejudicial to their interest within the meaning of the language used in the policy.

This suit was commenced on April 30, 1878. On May 1, 1878, the two years for which Williamson's loan had been extended in pursuance with the contract with Armstrong, expired. The debt not being paid, the property was advertised for sale under the deed of trust, and sold on May 22, 1878, to Williamson, for $23,000, he being the highest and best bidder. The defendant had no notice of the sale until after it had taken place. The case was tried by the court sitting as a jury. The court refused the following instructions for the plaintiff: —

1. "To entitle the defendant to an assignment of any portion of the deed of trust, the burden is on him to show that the plaintiff was able to recover his whole debt, interest, and charges, by sale under the deed of trust according to its terms.

2. "The court declares the law to be that under the facts shown in evidence in this suit the defendant has shown no defence to this action.

4. "If the court find from the evidence that at and from the time when defendant requested an assignment of a portion of the deed of trust down to the time of the sale made by Farrar, as trustee, under the deed of trust, the value of the property conveyed by the deed of trust was not sufficient to pay the whole amount of the debt and interest secured thereby, then the defendant was not in any event entitled to have an assignment of any portion of said deed of trust.

5. "The deed of the trustee Farrar to Isaiah V. Williamson is evidence tending to prove the value of the prem-

ises described in the deed of trust at the time of the sale of said premises made thereunder."

The court gave, at the request of the defendant, the following instructions : —

*a.* " If it be found, from the testimony adduced in this cause, that before the policy sued on was made between the parties thereto, John J. Murdock had sold and by deed conveyed all his right, title, and interest in the insured property to John G. Priest, then it is declared said Murdock had no insurable interest in said property at the time said policy was made, and no policy upon interest claimed to be that of Murdock, could be enforced.

*b.* " It is admitted by the pleadings that the policy sued on contains a provision in words as follows : ' It is hereby agreed that in case of loss the assured shall assign to this company an interest in said deed of trust equal to the sum of loss paid under this policy, provided the said assignment shall in nowise prejudice the assured's claims under said deed of trust to recover the full amount of the loan and proper charges.' And the true construction thereof is declared to be that upon payment of any loss under said policy the insurer was entitled at the time of payment to an assignment by the assured of an interest in said deed of trust to an amount equal to the amount of loss paid subject to the right of the assured to first have and receive from the proceeds of said deed of trust or any collection thereunder, or the note or notes secured thereby, such sum as, including the sum of loss paid, would amount to the whole of the assured's claim, and all proper charges. And if it is found that upon the occurrence of the loss sued for the insurer did offer to pay to the assured the loss in full if such assignment should be made, and the assured refused, absolutely denying the right of the insurer to any assignment whatever, or at any time, and so continued to do to the commencement of this action, then the plaintiff cannot recover, and the verdict must be for the defendant.

c. "The court declares that that portion of the policy in writing agreeing that the assured should assign an interest in the deed of trust upon payment of the loss as therein stated, was a covenant by the assured mutual with those of the insurer contained in the same instrument, and upon offer to perform its covenants by the insurer the assured was bound to stand ready and perform its covenant to assign such interest, at the same moment, subject to the terms of the policy that such assignment should not prejudice the right of the assured to recover their entire debt and proper charges ; and it was no excuse for the assured to refuse to make such assignment because they may have believed the property would not eventually, on sale under such deed of trust, bring the whole amount of their debt and proper charges.

d. "The court declares the construction to be placed upon the contract of insurance sued on, is, that it was upon the interest of the assured as trustees and under a deed of trust made to them by John J. Murdock and wife, May 1, 1876, and that said interest so insured was entirely separate from, and independent of, any insurable interest said Murdock might, under any circumstances, have had, in said premises insured, as owner ; and that the interest of said trustees so insured was not the interest contemplated by or included in the terms of said deed of trust providing for insurance and payment of premiums, and any payments for premiums made by said trustees for insurance such as the policy made on their interest as distinguished from the interest of said Murdock, were not legally chargeable against said Murdock under said deed of trust or otherwise.

e. "The court declares that any agreement with David H. Armstrong made by Isaiah V. Williamson on May 1, 1876, is subsequent to the agreement of the parties to this action, and the insurer is not shown by the testimony to have had any notice of or given any assent to said agree-

ment, and it can in nowise affect the rights of the insurer and assured under their own agreement, as contained in said policy."

We take it to be well settled that a mortgagee or trustee in a deed of trust in the nature of a mortgage, has a separate insurable interest in the mortgaged or granted premises, distinct from that of the mortgageor or grantor. *Carpenter* v. *Insurance Co.*, 16 Pet. 495; *Excelsior Ins. Co.* v. *Insurance Co.*, 55 N. Y. 343; *Foster* v. *Van Reed*, 70 N. Y. 19; *Suffolk Ins. Co.* v. *Boyden*, 9 Allen, 123, 126; *Honore* v. *Insurance Co.*, 51 Ill. 409. Where a mortgagee, or the trustee in such a deed, effects an insurance of his separate interest in the mortgaged or granted property, and a loss supervenes, which the insurer pays, the insurer is held, in most jurisdictions, entitled to subrogation in equity to the rights of the mortgagee or grantee as against the mortgageor or grantor, independently of any stipulation in the policy conferring such a right. *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385; *Honore* v. *Insurance Co.*, 51 Ill. 409; *Sussex Ins. Co.* v. *Woodruff*, 26 N. J. L. 541, 555; *Concord Ins. Co.* v. *Woodbury*, 45 Me. 447, 453; *Carpenter* v. *Insurance Co.*, 16 Pet. 495, 501; *Norwich Ins. Co.* v. *Boomer*, 52 Ill. 442; *Excelsior Ins. Co.* v. *Insurance Co.*, 55 N. Y. 343, 359. This right of subrogation, so far as we know, is denied only in Massachusetts. *King* v. *Insurance Co.*, 7 Cush. 1; *Suffolk Ins. Co.* v. *Boyden*, 9 Allen, 123.

On the other hand, where an insurance is effected upon mortgaged property by the mortgageor, he will, notwithstanding the mortgage, be entitled to recover the full amount of the loss, not exceeding the insurance; for the whole loss is his own, and he remains personally liable to the mortgagee for the full amount of the debt secured by the mortgage. *Carpenter* v. *Insurance Co.*, 16 Pet. 495, 501.

Thus it is that the mortgageor may insure the mortgaged property to the extent of its value, and a mortgagee may

insure his interest therein to the extent of the value of such interest; and this is not double insurance, for, in order to constitute double insurance, both policies must be upon the same insurable interest. *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385, 396. The courts, in so holding, proceed upon the idea that policies of insurance against fire are not in the nature of incidents to the property insured, but that they are special agreements with persons insuring them against such loss or damage as they may sustain, and not insuring *them* against the loss or damage which some other person having an interest in the property may sustain. *Carpenter* v. *Insurance Co.*, 16 Pet. 495, 506. When a mortgagee insures his own interest, without any agreement between him and the mortgageor therefor, and a loss accrues, the mortgageor is not entitled to have the sum paid upon such loss applied in reducing or discharging the mortgage debt, but the mortgagee is entitled to recover the whole amount due. *Concord Ins. Co.* v. *Woodbury*, 45 Me. 447, 453; *White* v. *Brown*, 2 Cush. 413; *King* v. *Insurance Co.*, 7 Cush. 1; *Cushing* v. *Thompson*, 34 Me. 496; *Suffolk Ins. Co.* v. *Boyden*, 9 Allen, 123, 126.

The mortgagee may, indeed, under an arrangement with the mortgageor, insure the mortgaged property at the charge of the mortgageor, or he may do so under a provision in the deed of mortgage making the premiums an additional charge upon the mortgaged property, in either of which cases, in the event of loss, the insurance-money will be paid to the mortgagee, extinguishing *pro tanto* the debt of the mortgageor to the mortgagee, or it will be applied to the restoration of the mortgaged premises, if the mortgage so direct. *Waring* v. *Loder*, 53 N. Y. 581; *Kernochan* v. *Insurance Co.*, 17 N. Y. 428, 441; *Holbrook* v. *Insurance Co.*, 1 Cush. 193, 199. See also *Carruthers* v. *Sheddon*, 6 Taunt. 14. In such a case, the mortgageor may maintain an action upon the policy, and to this end is entitled to

sue in the name of the mortgagee.  *Norwich Ins. Co.* v.
*Boomer*, 52 Ill. 442, 446.

If, in such a case, the insured receives the premium,
knowing that it is paid by the mortgageor, or that, by the
terms of the deed of mortgage, it is an additional charge
upon the mortgaged property, he will not, in the absence of
a stipulation therefor in the policy, and as a mere matter of
equity, be entitled to be substituted to the rights of the
mortgagee against the mortgageor.  *Kernochan* v. *Insur-
ance Co.*, 17 N. Y. 428, 441; *Cone* v. *Insurance Co.*, 60
N. Y. 619, 624 (affirming *s. c.* 3 Thomp. & C. 33).

Whatever view might be taken of the right of the insur-
ance company to subrogation in a case like the present, it
is clear that where the insurer has contracted with the in-
sured for subrogation, as one of the conditions on which it
assumes the risk, this contract is a good contract, which will
be enforced in the courts, unless discharged by the act of
the parties themselves, or by operation of law.  The fact
that the deed of trust gave the trustee the right to insure
the mortgaged property at the expense of the grantor,
making the cost of the insurance an additional charge upon
the premises, and providing that the insurance-money col-
lected in case of a loss, should be applied to the rebuilding
of the buildings destroyed, did not, in any manner, deprive
the trustees of the right to effect an insurance upon their
own interest in the premises, and of contracting with the
insurer to subrogate the latter to their own rights under the
deed of trust, in proportion to the amount paid under the
policy as a part of the consideration of the contract.  They
were entitled to insure for the benefit of the grantor without
a stipulation for subrogation; they were equally entitled to
sue for the benefit of the *cestui que trust* with such a stipu-
lation.  This question was distinctly ruled by the Court of
Appeals of New York, in *Foster* v. *Van Reed*, 70 N. Y. 19,
25 (reversing *s. c.* 5 Hun, 321).  It was there said by Mil-
ler, J.: " The contract, under the insurance clause in the

mortgage, authorized an insurance of the property by the mortgagee, but the provision did not prohibit or prevent an insurance directly upon her interest as mortgagee; and as she had authority to make such insurance, it would seem to follow that she had a right to make such terms with the insurer as might be agreed upon it was optional, and not compulsory, and entirely competent for the mortgagee to procure a policy with or without the subrogation clause. The parties had a right to determine that when the insurers paid any loss to the assured, the insurers should be entitled to an assignment of the mortgage; and such a provision is not in conflict with the insurance clause in the mortgage. Even although Mrs. Plank [the mortgagee] made declarations after the contract was entered into, showing that the insurance was made under the clause in the mortgage, this statement cannot prevail against the contract in the policy, which provides that her interest as mortgagee was insured; and whatever arrangements preceded the policy could not affect or impair the rights of the company, who acted without knowledge of such an arrangement when the policy was issued. It is difficult to see how the insured can be deprived of the right to subrogation when it is made a part of the contract that it shall enjoy such right. And whether the company knew of the agreement in the mortgage at the time of issuing the policy, or assented to it, or otherwise, makes no difference, for in either case the contract between Mrs. Plank and the company is unaffected by it." So, in this case, the insured may have known that the trustee had the right, under the deed of trust, to insure the granted premises for the joint benefit of the grantor in the deed and the beneficiary in the trust, and that any insurance-money paid under such a contract of insurance would be applied to rebuild the building insured. It may have known of this; the deed of trust may have lain unfolded before the eyes of the agent, when he countersigned and delivered the policy. But, nevertheless, the fact remains that, knowing that the trustees had also

the right to effect a separate insurance upon their interest
as trustees, it offered them, for a stipulated premium, a
policy insuring their interest, and not the interest of the
grantor in the deed, nor any joint interest of themselves
and the grantor ; and it offered it to them upon the terms
that in case of loss they (the trustees) should assign to it an
interest in the deed of trust equal to the sum of loss paid
under the policy, provided such assignment should not prej-
udice the claim of the beneficiary in the trust to recover the
full amount of his loan and proper charges.   It offered in
terms such an obligation upon such condition ; and in accept-
ing the contract the trustees accepted the condition.   And
now they cannot hold it to the performance of the obligation
without themselves discharging the condition.   It is a case
of mutual covenants ; they cannot enforce one without con-
ceding the other.

It was no answer for them to say : " We cannot grant
you such an assignment, because the mortgaged premises are
not worth the amount of our debt, less the amount you are
liable to pay as insurers."   They could not thus set up their
own opinion in avoidance of their contract.   That was to be
judged by the event, and the insurance company had the
right to participate in the shaping of the event.   They had
a right, not to an unqualified subrogation, but a subrogation
with the qualification that it should not operate to the preju-
dice of the beneficiary in the deed of trust ; and that was
what the learned judge of the Circuit Court declared as the
law.   An assignment of an interest in a deed of trust with
such a proviso would have entitled them to be present at
the sale which took place under the deed of trust, and to bid
for the protection of their own interest.   Their presence
might have produced such competitive bidding as would have
caused the premises to sell for the amount of the mortgage
debt and charges, in which case they would have been enti-
tled to receive back from the trustees what they had paid to
them as insurance-money ; or they might have been willing

to buy in the property for the full amount of the mortgage debt and charges, paying such amount to the trustees, less the sum they had already paid them as insurance-money. This right was denied them, and they had no actual notice of the sale, and no opportunity thus to protect their interests. In view of these things, it cannot be said that the subrogation clause in the policy was immaterial, and no part of the consideration of the contract. This could not be said in any event; for by the terms of the contract the parties have agreed that it is material, and that it is a part of the consideration.

Nor do we see the force of the plaintiff's position that the deed of trust is not in its nature divisible; that it cannot be carved up, and a portion of it assigned by the trustees. As we understand it, any beneficial interest in land beyond a mere license or personal privilege is vendible to a person capable of taking; and if an interest is vendible, obviously an undivided portion of that interest is vendible; and an assignment of an undivided portion will confer upon the assignee rights which may be worked out under the statute of partition, or under the principle of courts of equity, and sometimes, no doubt, under ordinary actions at law.

Nor do we think that there is force in the plaintiff's suggestion, that the language of the policy does not require the trustees to assign the *debt* secured by the deed of trust, or any portion of it. The answer to this position is that the evident intention of the parties was, that there should be an assignment of the debt, as well as the security for the debt (*Foster* v. *Van Reed*, 70 N. Y. 19, 27); and a contract of insurance, like any other contract, must be so construed as as to give effect to the obvious intention of the contracting parties. Strictly speaking, the interest of the trustees was a naked power of sale. The assignment of such an interest would be nugatory and absurd. In the sense of the policy, their interest under the deed of trust included the interest of the beneficiary in the deed; and if he objects that they

had no power to sign away his interest, there are two answers to his objection, so far as it affects the right of the plaintiff to maintain this suit. The first is, that the trustees effected this insurance as his agents, they having no beneficial interest in the premises themselves. And it does not lie in the mouth of a principal to claim the benefit accruing to him under a contract made for him by his agent, and at the same time repudiate those portions of the contract which are not agreeable to him. He cannot affirm and disaffirm in the same breath. He cannot ratify it in part and avoid it in part. The second answer is, that if the trustees had no power to make such an assignment, they are estopped from denying the want of such power. By agreeing to make such an assignment, they warranted that they had the power to make it ; and it does not lie in their mouths to say that their warranty was not true.

Of course, our view of the case wholly excludes as immaterial the parol evidence in the record as to the meaning and intention of the parties to the contract. It may be true, as the plaintiff contends, that he and his co-trustee did not know that there was a subrogation clause in the policy. It may also be true, as the defendant contends, that it would not have written the policy without a subrogation clause. It may also be true that the premium paid, one per centum, was just what would have been paid had the policy been written upon the interest of the mortgageor, or upon the joint interests of the mortgageor and the mortgagee. With all these things we have nothing to do. The case stands before us now as an action at law upon a contract, and the parties must stand or fall upon their contract as they have made it.

We have sufficiently answered, we think, the plaintiff's contention that the trustees could not assign to the insurer any greater rights than he had under the stipulation relating to insurance ; and that if he had made an absolute subrogation to the insurer, the latter would be as much bound by

the stipulation in the deed as the trustees would be. The answer is that the trustees did not, by the terms of the contract, purchase an insurance upon the interest of Murdock, or upon the joint interest of Murdock and Williamson. They purchased an insurance upon their own interest; and therefore this stipulation in the deed has no effect upon the question. Nor do the cases cited by the plaintiff to this position sustain him. The case of *Mercantile Insurance Company* v. *Calebs*, 20 N. Y. 173, was a case of goods insured for their owners, and damaged while in the hands of a common carrier. The insurance company paid the loss, taking the goods, which they sold for their own account, claiming that they had been subrogated by so doing to the right of action which the owners of the goods had against the carrier for his negligence in damaging the goods; and they accordingly brought suit against the carrier. The court held that they could not recover, because there was a contract between the owners of the goods and the carrier that in case of loss or damage for which the carrier might be liable, he should have the benefit of any insurance effected upon the goods by or for the owners. This contract, it was held, was binding upon the owners of the goods, and the insurance company, by virtue of being subrogated to the rights of the owners, could not acquire any higher rights against the carrier than they had. The second case, *Foster* v. *Van Reed*, 5 Hun, 321, was, as already stated, reversed by the Court of Appeals of New York. 70 N. Y. 19. In the third case, *Waring* v. *Loder*, 53 N. Y. 585, the court says: "It becomes unnecessary to consider whether the underwriter was, by the form of the contract of insurance, entitled to be subrogated, in the absence of any agreement between the mortgageor and the mortgagee, to the mortgage security and to the claim against the mortgageor, or whether the company could have defended an action to recover for the loss, on the ground that the right of subrogation had been defeated by

the act of the assured. These questions are between other parties.''

Where there is no provision for subrogation in the policy, it may be proper, in some cases, to hear parol evidence on the question whether it was intended to effect the insurance upon the interest of the mortgageor, that of the mortgagee, or both, and to submit these questions to the jury. *Irving* v. *Richardson*, 2 Barn. & Adol. 193. But where there is a distinct agreement for subrogation, this necessarily excludes the idea that the policy was taken out for the benefit of the mortgageor. Parol evidence that such was the fact would be inadmissible on familiar grounds ; because it would vary or contradict the written agreement of the parties, and the question could not be submitted to the jury, for it is error to submit to a jury the construction of a written contract.

In none of the cases relied upon by the plaintiff, except the reversed case of *Foster* v. *Van Reed*, 5 Hun, 321, was there an express agreement in the policy that, in the event of the insurer paying the loss to the mortgagee, it should have an assignment of the mortgage. The plaintiff's counsel make a mistake in supposing that such was the effect of the clause of the policy in *Suffolk Insurance Company* v. *Boyden*, 9 Allen, 123. The language there used was : ''And whenever this company shall pay any loss, the assured agrees to assign over all his rights to recover satisfaction therefor from any other person or persons, town, or other corporation.'' This obviously was a general clause in the company's policies, intended to pass to the insurer such rights of action as the owner of goods would have against a common carrier in case of their loss, other than by the act of God or by the public enemy, or such as the owner of the building would have against an incendiary, or against a railway company negligently setting fire to it, or negligently cutting a fireman's hose, and thereby preventing the extinguishment of a fire, which, if extinguished, would not have consumed it, as in the case of *Metallic Casting Company* v.

*Fitchburg Railroad Company*, 109 Mass. 277. The Massachusetts court, in denying the right of subrogation, held that the clause in question did not affect the case; because, said the court, "the mortgage debt is not, in any sense, a right to recover satisfaction for the loss by fire."

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS did not sit.