## MARY E. LAWRENCE v. UNION INSURANCE COMPANY OF PHILADELPHIA.

Argued February 17, 1910—Decided July 20, 1910.

Plaintiff's declaration averred in effect that plaintiff was the owner of a frame building; that Lincoln Godfrey, who held a mortgage on the premises, procured, at his own expense, from the defendant insurance company an insurance policy insuring "Lincoln Godfrey, $1,000 on his mortgagee interest in the frame building;" that, after the destruction of the building by fire, the company settled with the mortgagee for $750; that by reason of the legal effect of a covenant in the mortgage that the mortgagor would "keep the building insured" and assign the policy to the mortgagee, and in default thereof the mortgagee might "effect such insurance" and have a lien upon the property for the premium paid, the defendant company owes the plaintiff $250. *Held*, that the declaration is bad on general demurrer, there being no averment indicating any contractual relation between the plaintiff and defendant, or that the insurance mentioned in the covenant of the mortgage had been effected.

On demurrer to declaration.

Before Justices TRENCHARD and MINTURN.

For the plaintiff, *Austin H. Swackhamer* and *John Cadwalader, Jr.* (of the Philadelphia bar).

For the defendant, *French & Richards.*

The opinion of the court was delivered by

TRENCHARD, J. This is a demurrer to a declaration.

The declaration avers in effect that the plaintiff, Mary E. Lawrence, was the owner of a frame building at Cape May Point; that Lincoln Godfrey, who held a mortgage on the premises, procured, at his own expense, from the defendant, the Union Insurance Company of Philadelphia, an insurance policy insuring "Lincoln Godfrey, $1,000 on his mortgagee interest in the frame building;" that, after the destruction of the building by fire, the defendant company settled with the mortgagee for $750; that by reason of the legal effect of a covenant in the mortgage that the mortgagor would "keep the building insured" and assign the policy to the mortgagee, and in default thereof the mortgagee might "effect such insurance" and have a lien upon the property for the premium paid, the defendant company owes the plaintiff $250.

We are of the opinion that the declaration fails to state a cause of action.

The policy of insurance, annexed to and made a part of the declaration, nowhere mentions the plaintiff's name.

There is no averment in the declaration which indicates any contract between the plaintiff and the defendant. The thing insured is not the building, nor the interest of the plaintiff as owner, but the interest or estate of the insured therein. *Home Insurance Co.* v. *Koob,* 113 *Ky.* 360; 58 *L. R. A.* 58.

The contract is with Godfrey. All the company agrees to insure is "Lincoln Godfrey, $1,000 on his mortgagee interest."

Mortgagee insurance is a well-recognized and legitimate branch of insurance in this state. Chancellor Williamson,

speaking for the Court of Errors and Appeals, in *Insurance Company* v. *Woodruff*, 2 *Dutcher* 541, 551, said: "A mortgagor and mortgagee may both insure their respective interests in the same building. *The mortgagee insures his debt;* and if before the policy expires the debt is paid, from that time the policy ceases to have any operation. *The mortgagor has no interest in such a policy.* If the property is destroyed by fire, the insurer, upon paying the insurance, is entitled to an assignment of the mortgage if the money paid amounts to the sum secured by the mortgage. If it is less, then he has an equitable lien upon the security in the hands of the mortgagee to the extent of the insurance money so paid." See, also, *Carpenter* v. *Providence Washington Insurance Co.,* 16 *Pet. (U. S.)* 495; *Home Insurance Co.* v. *Koob, supra.*

It is also to be observed that, according to the averments of the declaration, there was no agreement even by Lincoln Godfrey that the plaintiff should be benefited by the insurance.

The covenant in the mortgage was that the plaintiff would "keep the building insured" and assign the policy to Godfrey as collateral security, and in default thereof, Godfrey might "effect such insurance." That is a mere provision for the enforcement of a remedy in the event of default in the performance of a contract. In order that Godfrey might take advantage of such covenant and have the premium added to his mortgage, he must have taken out insurance on the building (that is, the mortgagor's interest), and that, so far as appears from the declaration, he did not do. The plaintiff's right to recover is therefore not aided by the covenant. Since Godfrey chose to insure "his mortgagee interest" at his own expense and for his sole benefit, the plaintiff has no interest in the policy. *Foster* v. *Van Reed,* 70 *N. Y.* 19; *Insurance Company* v. *Woodruff, supra; Carpenter* v. *Providence Washington Insurance Co., supra.*

It is also to be observed that there is no allegation in the declaration that the defendant company had actual or constructive notice of the covenant contained in the mortgage. But if the company be held to have had such knowledge by reason of the fact that it necessarily knew there was a mort-

gage, still such knowledge would not make the company liable to the mortgagor on a policy which insures only the interest of the mortgagee. *Foster* v. *Van Reed, supra; Home Insurance Co.* v. *Koob, supra.*

In *Styles* v. *Long Company,* 41 *Vroom* 301, 305, Mr. Justice Swayze, speaking for the Court of Errors and Appeals, said: "Neither the cases nor the statute go so far as to permit a suit upon contract to be maintained by persons with whom the defendant never meant to enter into contractual relations."

Since it does not appear from the declaration that the defendant company insured, or intended to insure, the plaintiff or her property, and since the plaintiff had no beneficial interest in the contract, no cause of action is stated against the defendant company.

The defendant is entitled to judgment on the demurrer.