CUSHING, *in Equity, versus* THOMPSON.

The right which a mortgager has to redeem against an execution sale of his right of redemption, is to be exercised within one year from the sale.

When the mortgager and his tenants have retained the possession, without paying rent to the purchaser, though it was demanded of them, such mortgager, in redeeming against the sale, is not entitled to require of the purchaser any account for rents.

The insurance money which such a purchaser may receive within the year upon an insurance effected on the property by himself, for his benefit, belongs to him and not to the mortgager.

Thus, the purchaser of such a right, acting for his own benefit, insured against fire a building standing upon the land, and within the year received the insurance money, the building having been burnt; *Held,* that in redeeming against the sale, the mortgager was not entitled to the benefit of the insurance.

BILL IN EQUITY by a mortgager to redeem his right of redemption, against a sale of it made on execution against him.

The bill and answer show the following state of facts : —

The plaintiff was seized of the right to redeem certain mortgaged land, of which he was in possession. That right was sold on an execution against him. The defendant was the purchaser at $850. There was a building upon the land, which was occupied by the plaintiff and by several of his tenants. The defendant notified the plaintiff and the tenants that he claimed the rents to be paid to him. But he has never obtained any actual possession of the property, or received any of the rents or profits.

On the day of his purchase, the defendant *for his own benefit*, insured $850, upon his right in the building, against loss by fire for one year.

Within the year the insurers paid him the $850, less the premium, the building having been burnt. The plaintiff seasonably demanded of the defendant a statement of the amount necessary to be paid in order to redeem the property from said sale on execution, and the defendant thereupon sent to him a written statement of that amount, making it to be the sum at which the execution sale was made, together with interest from the day of the sale.

The plaintiff, considering that statement to be unjust, made no payment or offer of payment, but, within the year, caused this bill to be brought and served, for the purpose of redeeming against the sale.

*Barnes*, for the plaintiff.

In 1 Hilliard, Real Estate, 407, it is said, "mortgagee will not be allowed for insurance, unless effected at mortgager's request. It is said, however, that there is no inflexible rule on this subject, but the question of allowance is in the discretion of the Court, subject to the particular facts of each case.

The cases between mortgager and mortgagee do not necessarily control this case, which is between the purchaser of an equity and the redemptioner.

This relation is wholly *in invitum* as against the redemptioner. Mortgager enters into mortgage by voluntary agreement, and may then arrange respecting insurance, or suffer loss, if he does not.

But the purchaser of an equity applies a statute compulsion against the redemptioner, prevents his obtaining insurance, or embarrasses him in collecting it, if he has one, for double insurance is disallowed.

Double payment of the debt will result, if the purchaser is not to account for the insurance money received, but, if he accounts, redemptioner will have but one indemnity.

Analagous to case of collision at sea, where if the party in fault, makes restitution to the party suffering, the latter recovers nothing from his insurer.

If the defendant should have accounted for the insurance money, then he did not render a true and just account upon the demand, made by redemptioner.

Or, if not accountable for the insurance money, he should have accounted for the rents, which he stopped.

The plaintiff was entitled to have the rents, with which, in part, to make redemption. But, by the acts of defendant, he lost this benefit, from all the tenants, except himself.

Many cases show the absolute control over rents, which the purchaser of an equity acquires. *Fernald* v. *Linscott*,

6 Greenl. 234; *Fox* v. *Harding*, 21 Maine, 104; *Crosby* v. *Harlow*, 21 Maine, 499. If he chooses to exercise this control, while the right to redeem subsists, he should, when called upon to account, give the redemptioner the full benefit of it.

*Shepley* and *Dana*, for the defendant.

TENNEY, J. — The defendant levied his execution upon the complainant's right in equity of redemption of the premises described in the bill on Sept. 4, 1849. On August 21, 1850, the complainant, desirous of redeeming the interest, upon which the levy was made, called upon the defendant, to render a true account of the sum due for such redemption. The defendant had not actual possession of the premises and had received no rents and profits therefrom. On the 22d of August, 1850, he sent to the complainant an account in writing of the sum claimed for the redemption, being the sum, for which the right was sold with interest thereon from the time of the sale. This bill was filed on August 27, 1850, and notice thereof served upon the defendant, on August 29, 1850.

By R. S. c. 94, § 25, 26, 27 and 28, the modes of redeeming from a levy of an execution by the debtor are provided. But it is necessary, that the sum should be tendered, or so ascertained, that there is an opportunity to receive it within the year, in order, that the redemption may be effected. *Boothby* v. *Com. Bank*, 30 Maine, 361. In the case before us, no tender was made, and no course pursued, which has resulted in a determination of the sum due for redemption.

But it is insisted, that in March, 1850, the defendant actually received money, which should be applied so far as was necessary to redeem the interest, which was sold on the defendant's execution. After the levy, the defendant effected insurance upon his interest to the amount of $850. And on Dec. 1, 1849, the buildings on the premises were destroyed by fire, and payment of the amount for which they were insured, was made in March, 1850.

Cushing *v.* Thompson.

The interest insured was that of the defendant alone. It does not appear, that the complainant paid any part of the premium, had any connection with the insurance, or knew of its existence, till the loss of the property. The defendant could not have compelled payment from the complainant of the premium or any part of it. It is well settled, that a contract of insurance does not run with the estate, as incident thereto, but is an agreement with the underwriters against a loss, which the *assured* may sustain, and not the loss, which *another* may be subjected to, having an interest as mortgager, redemptioner, or otherwise. *Adams* v. *Rockingham Ins. Co.* 29 Maine, 292 ; *White* v. *Brown & als.* 2 Cush. 412.

Unless the defendant was accountable for the full amount for which the equity sold, within a year after the levy, as rents and profits, which is not insisted on, the relief prayed for cannot be granted.                *Bill dismissed with costs.*