CONCORD UNION MUT. F. INS. CO. *versus* CHARLES WOODBURY.

The publication of notice by a mortgagee, that he claims to foreclose the mortgage for condition broken, is no bar to an action afterwards brought, to obtain possession of the mortgaged premises.

In an action for possession against a mortgager, he is estopped by his deed to deny his title to the mortgaged premises at the time of making the mortgage.

If a mortgagee insures his own interest, without any agreement between him and the mortgager therefor, and a loss accrues, the mortgager is not entitled to any part of the sum paid upon such loss, to be applied to the discharge or reduction of his mortgage debt.

Where the mortgagee effects insurance at the request and cost, and for the benefit of the mortgager, as well as his own, the mortgager has the right, in case of loss, to have the money appropriated to the discharge of his indebtedness.

Whether a company, which has insured mortgaged property *for the mortgagee*, are entitled to be subrogated to the rights and claims which he has to the property and mortgage debt, upon payment of the loss which had accrued; — *quære.*

WRIT OF ENTRY, dated Feb. 27, 1856. The demandants counted on their own seizin of the demanded premises in fee

and in mortgage as assignees of a mortgage given to one J. P. Morse. Plea, general issue and brief statement.

At *Nisi Prius*, GOODENOW, J., presiding, the plaintiffs produced a deed of mortgage of the demanded premises from defendant to said Morse, dated Oct. 1, 1853, to secure the payment of a note of same date for $280, payable in one year from date, and interest, duly acknowledged and recorded, also an assignment of the same on the back thereof, from Morse to plaintiffs, dated May 7, 1855, which had been recorded; also the note indorsed by Morse.

The plaintiff also exhibited in evidence, that Morse, on the 7th day of December, 1854, caused notice to be published, conformably to the statute, claiming to foreclose said mortgage for breach of the condition thereof, and that the same was duly recorded.

*In defence*, was offered a deed of the premises from Jeremiah Robinson to Martha Woodbury, wife of defendant, dated April 3, 1852, duly acknowledged and recorded, and it was contended, by counsel of defendant, that he had no title to the premises at the date of his deed of mortgage. The defendant not claiming to hold under any conveyance from his wife, the presiding Judge ruled that defendant could not controvert the plaintiff's title derived from his own deed of mortgage, and was estopped from setting up title in Martha, his wife.

The defendant, thereupon, moved the Court to order a nonsuit, and contended that, it appearing from evidence adduced by the plaintiff that the mortgagee had duly published his notice of foreclosure agreeably to the statute, for conditions broken, the demandants could not maintain this action; but the presiding Judge, being of opinion that the action was maintainable, declined to direct a nonsuit.

Whereupon, by consent, the case was taken from the jury and referred to the full Court; and, if the Court shall be of opinion that the ruling and refusal of the Judge were correct, and that the action is maintainable upon the evidence in the case,

Concord Union Mut. Fire Ins. Co. *v.* Woodbury.

the defendant is to be defaulted, otherwise, the action to stand for trial.

On a subsequent day of the term, the counsel for the defendant, filed an affidavit, setting forth in substance, that, at the trial, the junior counsel of plaintiffs, in the opening statement of the plaintiffs' case to the jury, was understood by him to say, as a matter of fact, that the defendant and said Morse procured a policy of insurance, *for their joint benefit,* on the house and buildings on the premises in controversy; that, a loss by fire having occurred, the company refused to pay so much of the loss to the mortgagee as would cover the mortgage, unless the mortgagee would assign the mortgage to the company; that, therefore, he did so assign the mortgage and the plaintiffs paid him the amount secured by the mortgage; that, regarding these statements as admissions, on the part of the plaintiffs, he waived, as unnecessary, other proof, which he intended to offer to establish the facts stated. He therefore moved that the case might be re-opened and an opportunity be granted to the defendant to produce the evidence of the facts stated, that the same might appear in the report of the evidence in the case, so that the rights of the parties might be adjusted by the Court upon evidence of all the facts existing and intended to be shown to the Court.

Whereupon the counsel of plaintiffs consented that the statement of defendant's counsel might be annexed to, and made a part of the report of the case; and if, in the opinion of the Court, the facts so supposed to be admitted, would, if proved, constitute a defence, then the action shall stand for trial.

*Evans,* for plaintiffs, argued: —

1. That the defendant is estopped, by his own deed, from controverting the plaintiffs' title. This principle is sustained by numerous authorities, of which a few only need be referred to. *Ham* v. *Ham,* 14 Maine, 353; *Heard* v. *Hall,* 16 Pick. 459; *Comstock* v. *Smith,* 13 Pick. 120; *Johnson* v. *Murray,* 12 Johns. 201; *Jackson* v. *Ball,* 1 Johns. Cases, 91; 4 Kent's

Com. 260, note c, 6th ed.; *Wilkinson* v. *Scott*, 17 Mass. 257; *Nash* v. *Spofford*, 10 Met. 192.

2. The action is maintainable notwithstanding prior publication for foreclosure. The object of the suit is to *obtain possession*, which is not obtained by publication. *Merriam* v. *Merriam*, 6 Cush. 91; *Fay* v. *Valentine*, 5 Pick. 418; 2 Hill. on Mort. 131, §§ 16, 17; *Smith* v. *Kelley*, 27 Maine, 237.

3. The matter stated in the affidavit of counsel, if true, furnishes no defence.

The policy was running to Morse, and payable to him in case of loss. His interest was that of mortgagee of the premises. He could insure nothing and receive nothing beyond the value of that interest, the amount secured to him by mortgage. Nor was he entitled to be paid that, but upon an assignment of the debt and security to the insurers. Angell on Ins. § 59; ib. § 66, note 2, p. 109, citing 2 Phil. on Ins. 282; *Etna Fire Ins. Co.* v. *Tyler*, 16 Wend. 397, and others beside.

4. The proof alluded to in the affidavit would not be admissible to vary the contract contained in the policy, or to show that it was intended to cover the interest of the mortgage. The rule, that a written contract cannot be varied by parol, is too familiar to need authorities. Angell on Ins. § 21, citing Duer on Ins. 216; *Higgins* v. *Dale*, 13 Mass. 99.

If, by mistake, accidental omission or fraud, the policy is not what it was intended to be, it might be reformed in equity. Angell on Ins. § 22.

5. But if, as suggested, the policy was intended to cover, and does actually cover the interest of the mortgagee in the premises, it furnishes no defence to this action. Morse had no interest beyond the amount due him, secured by mortgage. That he was bound to assign, and has assigned. The mortgage has not been canceled or discharged, is in full force, and plaintiffs are entitled to possession.

*Gilbert*, for the defendant, argued:—

If the deed of Robinson was properly excluded, then the respondent is to be regarded as the tenant of the freehold.

And, for the purposes of this trial, it is to ·be considered that he, as mortgager, and the mortgagee procured the insurance on their premises for their mutual benefit. Thus, in case of loss, the mortgagee would still have security for his debt, and, at the same time, the mortgager would have the benefit of the insurance by the extinguishment of the mortgage.

In the absence of such an arrangement, it would have been necessary for both mortgager and mortgagee to have insured independently of each other, or else he who neglected to insure would have no benefit of insurance.

Having thus procured insurance by their mutual action, the mortgagee had but a mortgage interest in the money, payable in case of loss. Receiving that in diminution of the amount equitably due to the mortgager, his mortgage is *ipso facto*, in legal operation, discharged. Its functions ceased, and it was no longer assignable.

The attempt on the part of the underwriters to become assignees of the mortgage, by a refusal to pay Morse's part of the loss without an assignment, was a fraud upon Woodbury's rights. The loss having accrued, their obligation was to pay the stipulated amount, and that without indemnity. That obligation was for the ultimate benefit of Woodbury, since the amount of the mortgage being received by Morse, it would thereby become extinguished, and so, in effect, Woodbury would have received so much.

By the method attempted, instead of payment of a loss, the underwriters purchase a mortgage, and, upon it, undertake to enforce a re-payment by Woodbury of the amount which they have paid upon a policy intended for his benefit.

If this scheme could prevail, the underwriters would, by it, escape the payment of so much of the loss as is embraced in the amount of the mortgage debt. This is against good conscience. It is fraud.

We contend, therefore, 1st, the insurance having been procured by the mutual action of mortgager and mortgagee for their mutual benefit, the payment of the amount of the mort-

gage to Morse, operated as a discharge of the mortgage. This alone is fatal to the action.

2d. The attempt to compel Woodbury, who had, by concurrent action with Morse, secured himself against loss by fire, to repay that part of the loss embraced in the amount of the mortgage, was a fraud. And this alone is fatal to the action.

The opinion of the Court was drawn up by

APPLETON, J. —It appears that one Morse having a mortgage from the tenant to secure two hundred and eighty dollars on the premises demanded, on Oct. 5, 1853, effected an insurance thereon at the office of the plaintiffs. In his application he stated his interest to be that of a mortgagee, and the amount due upon the mortgage, and obtained insurance for five hundred dollars. In December, 1854, Morse advertised in due form, a foreclosure of his mortgage. A loss afterwards ensued, and the plaintiffs declined payment, unless Morse would assign his mortgage. The amount due him was thereupon paid, and he assigned his mortgage and the note thereby secured, to the plaintiffs, who commenced this action to recover possession of the mortgaged premises.

It appeared in the defence, that one Robinson, on April 3, 1852, conveyed the demanded premises to Martha Woodbury, the wife of the tenant, in whom the title thus acquired, remains.

If the deed to the tenant's wife conveyed to her the legal title, it may well be doubted whether the plaintiffs might not have avoided the insurance, on the ground of misrepresentation as to the title. In such case, the payment to the mortgagee of his debt, would be a sufficient consideration for the assignment of the mortgage. If the deed conveyed no title, it could not, for that cause, be invoked by the tenant by way of defence. But it is unnecessary to discuss this question, as the tenant has no title derived from his wife, nor does it appear that he claims to be in possession in subservience to her title. He is estopped in this action, by his deed of mortgage,

to deny his title.  The present suit is by the assignee of the mortgage against the mortgager.  The wife of the mortgager is no party thereto, nor are her rights to be affected by its result.  The judgment, if in favor of the demandant, would be no bar to her title, for it is not in any way in issue.

The statute provides for a foreclosure by publication in a newspaper, but such publication is no bar to an action for the possession of the premises mortgaged.

The mortgager and mortgagee have several distinct interests in the premises mortgaged, which either may insure for his own benefit.

When a mortgagee insures his own interest without any agreement between him and the mortgager therefor, and a loss accrues, the mortgager is not entitled to an allowance of the sum paid upon such loss, to be applied to the reduction or discharge of his mortgage debt, but the mortgagee may, notwithstanding, recover the whole amount due.  *White* v. *Brown*, 2 Cush. 413; *King* v. *State M. F. Ins. Co.*, 7 Cush. 1; *Cushing* v. *Thompson*, 34 Maine, 496.

It is true, it has been repeatedly held where the mortgagee effects an insurance for his own benefit and a loss accrues, which is paid by the insurers, that they are entitled to have the mortgage and note assigned to them, which they may enforce against the mortgager.  *Etna Fire Ins. Co.* v. *Tyler*, 16 Wend. 397; *Carpenter* v. *Providence Washington Ins. Co.*, 16 Pet. 495.

This right of the insurers to subrogation, has been questioned in Massachusetts.  It was held in *King* v. *State M. F. Ins. Co.*, 7 Cush. 1, that a mortgagee insuring his interest in mortgaged property against loss by fire, at his own expense, is entitled in case of loss, before payment of the mortgage debt, to recover the amount of such loss without first assigning his mortgage.  " We are inclined to the opinion," remarks SHAW, C. J., "both upon principle and authority, that when a mortgagee causes an insurance to be made for his own benefit, paying the premium from his own funds, in case a loss occurs before his debt is paid, he has a right to recover the total loss

for his own benefit; that he is not bound to account to the mortgager for any part of the money so recovered, as a part of the mortgage debt; it is not a payment in whole or in part; but he has still a right to recover his whole debt of the mortgager. And so, on the other hand, when the debt is thus paid by the debtor, the money is not, in law or in equity, the money of the insurer who has paid the loss, or money paid to his use."

But the right of subrogation and the time when, and the mode in which that right may be enforced, does not arise in the present case, because the insured has made an assignment. If the mortgager had no interest in the insurance, he cannot complain of any disposition the mortgagee may make of the mortgage, for no rights of his would be injuriously affected thereby. As between the insurers and the insured, there is no controversy. The question of subrogation is left to be hereafter determined upon reason and the weight of authority, whenever it may arise.

While it is well settled that the mortgagee may insure for himself and at his own cost, and that when so insuring the mortgager is not to be benefitted thereby, it is equally clear, when the mortgagee effects an insurance at the request and cost, and for the benefit of the mortgager, as well as his own, that the latter has a right, in case of loss, to have the insurance money appropriated to the discharge of his indebtedness. When the mortgagee, at the request of the mortgager, effected an insurance on the mortgaged premises, and paid the premium, it was held, that the premium so paid was a charge upon the premises in addition to, and equally with the original debt. *Mix* v. *Hotchkiss*, 14 Conn. 32. If a loss accrues, the money, in payment, extinguishes the same amount of the mortgage debt. *King* v. *The State M. F. Ins. Co.*, 7 Cush. 1. The insurance in such case, is for the benefit of both parties, it being effected by the mortgagee in his own name, but at the cost of the mortgager, and at his instance, and for their mutual protection.

Whether the tenant will be able to prove, by competent

evidence, the facts set forth in the affidavit of counsel, is not the question now before us. They are material, in one aspect of the case, and by the agreement of parties, the case is to stand for trial.

TENNEY, C. J., RICE, HATHAWAY, MAY, and DAVIS, J. J., concurred.