THE DEMING INVESTMENT COMPANY v. A. T. DICKERMAN.

No. 12,398.　(66 Pac. 1029.)

SYLLABUS BY THE COURT.

JUDICIAL SALE — *Redemption* — *Right to Insurance Money.* When a purchaser at foreclosure sale, subject to redemption, procures and pays for insurance on the property to which he holds a certificate of purchase, the contract of indemnity so procured is a personal contract between the purchaser and the insurance company, which does not inure to the benefit of the person entitled to redeem; and upon redemption being made the purchaser is not required to account to the redemptioner for the amount of money received from the insurance company on the property, the building upon the property having been totally destroyed by fire during the period of redemption.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed December 7, 1901. Division one. Reversed.

*Nelson Case*, for plaintiff in error.

*E. B. Morgan*, and *S. J. Mattox*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : The defendant in error, owner of an improved lot in the city of Oswego, mortgaged it to plaintiff in error, which mortgage was transferred to the Perkeoman Trust Company. Upon default in payment the trust company foreclosed the mortgage, the decree providing for sale, subject to eighteen months' redemption, as provided by law. At the foreclosure sale, the Deming Investment Company, plaintiff in error, purchased the property and received a certificate of purchase thereon. Thereafter, the investment company applied for, received and paid

for a policy of insurance on the building situate upon the property.  The building was wholly destroyed by fire and the insurance thereon paid to the investment company.  Thereafter, and within the period allowed by law, the defendant in error redeemed from the foreclosure sale and brought this action to recover from the investment company the money received by it from the insurance company.  At the trial plaintiff had judgment.  The investment company brings error.

From the facts as stated, taken from the agreed statement of facts found in the record, there arises in this case no question as to the validity of the contract of insurance between the investment company and the insurance company ; no question as to the insurable interest of the investment company in the property.  The only question presented for determination is who was entitled to the sum of money realized upon the policy of insurance.

It will be perceived that this is not a case in which the insurance was procured by virtue of an agreement between a mortgagor and mortgagee, contained in the mortgage or otherwise, by which the premium paid became a lien on the mortgaged property or a personal liability of the mortgagor.  In this case the investment company, the purchaser at the foreclosure sale, made application, procured and paid for the policy of insurance on the property to protect itself against the loss of its interest in the property from fire.  In such case it is well settled, both upon principle and by the authorities, that the contract of insurance is a personal contract of indemnity between the purchaser and the insurance company alone, which does not inure to the benefit of the party entitled to redeem and in which he can claim no interest what-

ever; and the purchaser, having collected that which he has purchased and for which he has paid, is under no obligation to account for it, either by reduction in the amount necessary to redeem or to the redemptioner. (*Cushing v. Thompson*, 34 Me. 496 ; *McIntire v. Plaisted*, 68 id. 363 ; 16 A. & E. Encycl. of L. [2d ed.] 844 ; Jones, Mortg. [2d ed.] § 240 ; May, Ins. § 456 ; *King v. The State Mutual Fire Insurance Company*, 61 Mass. [7 Cush.] 1 ; 54 Am. Dec. 683.)

It follows that the judgment must be reversed and the case remanded, with directions to enter judgment in favor of defendant upon the agreed statement of facts.

CUNNINGHAM, GREENE, JJ., concurring.